### NOBURO KATO v. ACHESON, Secretary of State.

### Civ. A. No. 10,302.

United States District Court
S. D. California, Central Division.

Nov. 14, 1950.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief of Civil Division, by Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

CAVANAH, District Judge.

The question involved in the present case as to the plaintiff Noburo Kato is whether he has lost his American citizenship by reason of having served in the Japanese Army under the particular facts relating to him.

He was born in the United States in Stockton, California, in 1919, and when he was about fourteen years of age he went to Japan to reside there temporarily for the purpose of studying in the schools, on a United States passport, and while there he maintained his interest in the United States. In 1940 he left college while in Japan solely for the purpose of returning to the United States. He did not return then because he was advised by his uncle and an officer that should he attempt to do so he would be punished as he had secured a deferment from the Japanese Army. He sought to evade being conscripted as he applied for and secured a two-years' extension. After being informed and discovered that he could not return to the United States he felt that he would have to await to be conscripted. He then received and was compelled to receipt for a notice of conscription which recited that he was conscripted into the active service and ordered to report to the Army Unit. He was in fear of being punished if he resisted conscription. From August, 1945 until 1948 he was a prisoner of war in a Russian prison. When he returned to Japan from the Russian prison he applied for employment with the United States Army Occupational Forces in

Japan and was so employed, and his duties there were to educate the Japanese people concerning the United States system of government and democracy in the United States. His services were accepted as satisfactory by the American officers.

There appears sufficient corroborative evidence as to his conduct and attempts to return to the United States while he was in Japan. When one reads the entire record he is convinced that the plaintiff, and other young American born Japanese, before the war was on and thereafter, found themselves in an atmosphere in Japan of being dominated by a cruel and unjust military government, although they had only gone to Japan to receive an education, and their desire and intention was to return to the United States, but were refused a passport. Their situation there is clearly reported as to such circumstances in the official report of General MacArthur to the United States after an investigation. He, after making an investigation, found that the military forces of Japan prior to and until Japan had surrendered, ruthlessly and brutally dominated Japan regardless of the rights of all, and it is easy to ascertain the dominating atmosphere and situation this plaintiff and others were in when the military forces of Japan arbitrarily dominated.

We must observe that we are here considering the operations of an undeveloped mind of a youth who would naturally abide by the advice of others.

The record does not sustain the contention of the defendant that this plaintiff did nothing to extricate himself from the position of peril he found himself in, for we find that he was active in many ways in asserting his American citizenship and endeavoring to secure a passport to return to the United States, but was helpless as he was unjustly and wrongfully advised and under the control and direction of others who dominated him. His application for a passport to return to the United States as an American citizen was unjustly denied when he was drafted into the Japanese Army, and therefore it is clear and fair to conclude that it was not of his free and voluntary act but was the result of coercion.

The evidence and circumstances are extensive, and it would require a lengthy discussion of the facts for one to specifically discuss the oral and documentary evidence relating to an opinion as to what their opinion should be, but the Court has not under the record observed any difficulty in reaching a conclusion that the plaintiff Noburo Kato has not lost his American citizenship under the allegations of the complaint and a legal and fair summary of the evidence. The Constitution of the United States does not authorize the courts to cancel an American citizenship of one born in the United States where he has not acted freely of his own will but under duress or coercion. This fundamental principle has often been generally recognized by the Federal courts.

Findings and decree will be presented by counsel for the plaintiff that the plaintiff is an American citizen and to be recognized as such, and that a passport be issued to him for return to the United States as an American citizen, as prayed for in the complaint.